IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LYDIA CHACON-BACO
Plaintiff

vs                                                  CIVIL 05-1760CCC

UNITED STATES OF AMERICA

Defendant

### O R D E R

This action, which arose from a slip and fall accident occurring at the United States General Post Office on June 15, 2000, was filed on July 12, 2005. The United States moved for dismissal on November 10, 2005 (docket entry 5) due to plaintiff Lydia Chacón-Bacó's failure to perfect service of process. Plaintiff opposed the motion on November 22, 2005 (docket entry 6), raising lack of prejudice and " . . . good faith negotiations with the defendant(s) in an effort to attempt to settle this matter." ¶4. Plaintiff asked for an extension of time until December 19, 2005 to complete service of process. On the basis of this averment, the court granted a final extended term—until January 19, 2005—to complete the service of process and denied the motion to dismiss. When plaintiff failed to file any proof completion of service by the final deadline, defendant renewed its motion to dismiss (docket entry 8). The government additionally filed a Motion for Summary Judgment based on plaintiff's failure to timely file an administrative claim (docket entry 9). Supporting the summary judgment motion is a copy of the administrative claim, which is dated October 19, 2004, that is, more than three years after the slip and fall event took place. Plaintiff never responded to either of these motions and on March 9, 2006 the court entered judgment (docket entry 10) on the motion for summary judgment dismissing the action as time barred.

Twenty days thereafter, on March 29, 2006, plaintiff's attorney, Jesús M. Rivera-Delgado filed Chacón-Bacó's Motion Requesting Relief from Judgment (**docket entry 11**) under Fed.R.Cv.P. 60(b)(1) and/or (6), which is now before us. Wrapping himself in

CIVIL 05-1760CCC                              2

apologies and "excusable neglect," Rivera-Delgado avers that the administrative claim was timely filed on December 20, 2002; that the U.S. Attorney in Puerto Rico was served on September 9, 2005;[1] that since December, 2005 he had been working on hundreds of deeds; that he was involved in good faith settlement negotiations; and that there was no prejudice to the defendant. Counsel states that he merely failed to inform this court and ask for an extension of time.

To support the timeliness of her administrative claim, plaintiff submitted as Exhibit 1, a claim form lacking a date, but stamped as received December 20, 2002.  Chacón-Bacó did not sign the form; nor is she identified as the claimant; rather, she is listed as a witness.

The government opposed the motion to set aside judgment (**docket entry 14**) and included  various exhibits:

Exhibit 1– The Declaration of Daniel Navarro, U.S. Postal Service Torts Claims Coordinator states that, although they could not find their copy of the 2002 claim form, they did have a copy of the letter, dated January 3, 2003, sent in response by the tort claims investigator at that time, Mr. Frank L. Hernández  to attorney Rivera-Delgado.  That letter, of which a copy is included,  states, in pertinent part:  "The claim form, as received, is invalid.  The form fails to indicate who the claimant is, the date the claim is made.  I am enclosing two blank forms for your resubmittion (sic)."  (Our emphasis.)

Exhibit 2 – A copy of a claim form in Chacon-Baco's name, dated April 16, 2003.  The receipt stamp is illegible.

Exhibit 3 -- The envelop sent to Mr. Hernández  by attorney Rivera-Delgado, however, is postmarked June 22, 2004.

Exhibit 4 – A letter dated June 24, 2004 from tort claim investigator Daniel Navarro responding to the attorney Rivera-Delgado's June 21, 2004 letter, in which Navarro requests

---

[1] Exhibit 2, the certified mail receipts to the Attorney General and the U.S. Postal Service in San Juan, which accompanied  the motion for relief from judgment reflects that they were mailed on January 13, 2006.

CIVIL 05-1760CCC                         3

more information and medical records.  The letter makes reference to the fact that form dated April 16, 2003 was again filled out erroneously.

Exhibit 5 – Another claim form, with an illegible date received stamp, but dated October 19, 2004.

Exhibit 6 – This appears to be the government's file on the matter, including copies of plaintiff's medical records.  There are also various copies of an claim form dated October 19, 2004.

Glossing over his many incidents of negligence, on June 21, 2004 attorney Rivera-Delgado wrote a letter to the Tort Claims Investigator which misstates the truth of the matters shown above:

> On May 2001 I submitted from of (sic) my client Lydia Chacón an administrative claim in the United States Postal Services.  On January 2003 you wrote me recommending resubmition.  On March 31, 2004 I wrote again. Please let me know the United States Postal Services' position regarding [ ] matter.

(Our emphasis.)

Fed.R.Cv.P. 60(b) states, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1)mistake, inadvertence, surprise or excusable neglect; . . . or (6)any other reason justifying relief from the operation of the judgment.

It is fundamental that Rule 60 (b) provides for extraordinary relief, and a motion thereunder may be granted only under exceptional circumstances.  Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d. 19, 27 (1st Cir. 2006).  The Supreme Court has acknowledged that "excusable neglect: is a fairly flexible concept that encompasses inadvertence, mistake carelessness, as well as by intervening circumstances beyond the party's control.  Pioneer Inv. Serv. Co. V. Brunswick Assoc. Ltd., 507 U.S. 380, 388 (1993), as quoted in Aguiar-Carrasquillo, supra, at 28.  Citing 10A Wright, Miller & Kane, §2695, the Court of Appeals gave as examples of "excusable neglect:" where the default was caused by lack of notice, illness, death, withdrawal of counsel, misunderstandings between multiple defendants, problems due to

CIVIL 05-1760CCC                              4

an out-of-state defendant and, in limited circumstances, honest mistake.  <u>United States v.</u>
<u>$23,000 in United States Currency</u>, 356 F.3d. 157, 165 fn.8 (1ˢᵗ Cir. 2004).

 That an attorney was preoccupied with other matters, as "excusable neglect"–has been
raised before, and regularly has been found wanting.  <u>De la Torre v. Continental Insurance</u>
<u>Company</u>, 15 F.3d. 12, 15 (1ˢᵗ Cir 1994); <u>Méndez v. Banco Popular de Puerto Rico</u>, 900
F.2d 4, 7 (1ˢᵗ Cir. 1990).  Most attorneys are busy most of the time and they must organize
their work so as to be able to meet the time requirements of matters they are handling or suffer
the consequences.  <u>De la Torre</u>, supra, at 15; <u>Pinero Schroeder v. FNMA</u>, 574 F.2d 1117,
1118 (1ˢᵗ Cir. 1978).  The fact that the parties may be trying to reach a settlement agreement
is not an excusable reason for disregarding the rules of civil procedures and the court's deadlines;
more so, when a party has neither informed the court and requested an extension nor requested
a stay of proceedings.

 In sum, we find a multitude of negligent or deliberate omissions, none of which, even
individually, could be considered as excusable neglect or give rise to another reason for which
the dismissal should be vacated.  Accordingly, plaintiff's Motion to Set Aside Judgment (**docket**
**entry 11**) is DENIED.

 SO ORDERED.

 At San Juan, Puerto Rico, on October 12, 2006.

        S/CARMEN CONSUELO CEREZO
        United States District Judge